MORRISON v. MATHERS et al.   (No. 2563.)

(Court of Civil Appeals of Texas.   Amarillo. Dec. 2, 1925.)

Appeal and error ⬅⟿554(3), 753(2)—Judgment affirmed, where record has no statement of facts or assignments of error, and as presented does not disclose fundamental error.

On appeal from judgment refusing to vacate and set aside judgment, on ground that defendant was induced to execute waiver of service under mistake, judgment will be affirmed where there is no statement of facts in record, and no assignments of error were filed, and record as presented does not disclose fundamental error.

Appeal from District Court, Roberts County; W. R. Ewing, Judge.

Suit by W. L. Mathers and others against Ray L. Morrison and another. From a judgment for plaintiffs, defendant named appeals. Affirmed.

Will Crow, of Canadian, for appellant.

Coffee, Holmes & Coffee, of Miami, for appellees.

JACKSON, J. W. L. Mathers, herein called appellee, instituted suit in the district court of Roberts county, Tex., against Ray L. Morrison, herein called appellant, and Austin Bean, and recovered a personal judgment against them for the sum of $25,503.79, interest, cost, and attorney's fees, which was the balance on a note for $60,000, dated March 17, 1919. The note was originally executed by Thomas F. Moody and Gem O. Moody, and made payable to the Kansas City Life Insurance Company, and secured by a deed of trust on certain lands. The Moodys thereafter conveyed a part of the land covered by the deed of trust to appellant, who assumed and promised to pay the balance on the $60,000 note, and later appellant conveyed the lands theretofore deeded to him to Austin Bean, who assumed and promised to pay a balance of $37,000 on said $60,000 note. Appellee, Mathers, for a valuable consideration, purchased the note and deed of trust, and on account of default in payment foreclosed the lien by trustee's sale, and purchased the land for $17,000, which amount he applied as a credit upon the note, leaving the balance for which he was given judgment February 10, 1925.

On February 19, 1925, appellant filed his motion to vacate and set aside the judgment as to him, alleging that he was induced by the attorney of appellee to execute a waiver of service in said suit, and that he was mistaken in the execution of the waiver, did not understand that he was signing away his rights to answer, and was mistaken in the date on which the case would be called for trial, and believed he would have an opportunity to answer appellee's suit before final judgment; that he was impaneled on the grand jury in Roberts county on February 9, 1925, and was given no opportunity to answer said suit until after he was discharged from the grand jury February 16th thereafter; that he would not have signed said waiver, if he had not been misled by the attorney of appellee, and been mistaken in the date on which the case would be called in court.

As a meritorious defense, he attacks the regularity of the trustee's sale, on account of which he alleges that the land did not bring its reasonable value. He alleges that, after the trustee's sale under the deed of trust, appellee filed suit in trespass to try

title in the district court of Hemphill county, Tex., and that in August, 1924, appellee recovered title and possession of the land, which constituted an election to accept the land in full satisfaction of the balance of the note.

Appellee answered this motion by general demurrer, special exceptions, general denial, and specifically denied that appellant was misled by his attorney in signing the waiver, and pleaded the judgment in the suit in trespass to try title set up in appellant's motion as res adjudicata, and also estoppel. On February 25, 1925, after a hearing on the motion, the court entered judgment refusing to vacate and set aside the judgment, from which order appellant prosecutes this appeal.

There is no statement of facts in the record, and appellant has filed no assignments of error. The record as presented does not disclose fundamental error, and the judgment of the court is affirmed.